263.    By reason of the Defendant's acts, the State of Hawaii has been damaged, and

continues to be damaged, in substantial amounts to be determined at trial.

264.    Pursuant to Haw. Rev. Stat. § 661-21(a), the State of Hawaii is entitled to three

times the amount of actual damages plus the maximum penalty of $10,000 for each and every

false or fraudulent claim, record or statement made, used, presented or caused to be made, used

or presented by Defendant.

## COUNT TWELVE

### Illinois Whistleblower Reward and Protection Act
### 740 Ill. Comp. Stat. §§ 175/1 et seq.

265.    Relators restate and incorporate each and every allegation above as if the same

were fully set forth herein.

266.    By virtue of the acts described above, Defendant knowingly presented or caused

to be presented, false or fraudulent claims to the Illinois State Government for payment or

approval.

267.    By virtue of the acts described above, Defendant knowingly made, used, or

caused to be made or used false records and statements, and omitted material facts, to induce the

Illinois State Government to approve and pay such false and fraudulent claims.

268.    The Illinois State Government, unaware of the falsity of the records, statements

and claims made, used, presented or caused to be made, used or presented by Defendant, paid

and continues to pay the claims that would not be paid but for the acts and/or conduct of

Defendant as alleged herein.

269.    By reason of the Defendant's acts, the State of Illinois has been damaged, and

continues to be damaged, in substantial amounts to be determined at trial.

270.    Pursuant to 740 Ill. Comp. Stat. § 175/3(a), the State of Illinois is entitled to three

75

times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT THIRTEEN

### Indiana False Claims and Whistleblower Protection Act
### Ind. Code §§ 5-11-5.5-1 et seq.

271.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

272.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Indiana State Government for payment or approval.

273.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Indiana State Government to approve and pay such false and fraudulent claims.

274.    The Indiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

275.    By reason of the Defendant's acts, the State of Indiana has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

276.    Pursuant to Ind. Code § 5-11-5.5-2(b), the State of Indiana is entitled to three times the amount of actual damages plus at least $5,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

76

## COUNT FOURTEEN

### Louisiana Medical Assistance Programs Integrity Law
### La. Rev. Stat. Ann. §§ 46:439.1 et seq.

277.     Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

278.     By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Louisiana State Government for payment or approval.

279.     By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Louisiana State Government to approve and pay such false and fraudulent claims.

280.     The Louisiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

281.     By reason of the Defendant's acts, the State of Louisiana has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

282.     Pursuant to La. Rev. Stat. Ann. § 46:438.6, the State of Louisiana is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT FIFTEEN

### Maryland False Claims Act of 2010
### Md. Code Ann. § 2-601 et seq.

283.     Relators restate and incorporate each and every allegation above as if the same

77

were fully set forth herein.

284.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the State of Maryland for payment or approval.

285.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the State of Maryland to approve and pay such false and fraudulent claims.

286.    The State of Maryland, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

287.    By reason of the Defendant's acts, the State of Maryland has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

288.    Pursuant to Md. Ann. Code §§ 2-601 (B)(1)(I) and (II) the State of Maryland is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

### COUNT SIXTEEN

#### Massachusetts False Claims Law
#### Mass. Gen. Laws ch. 12, §§ 5A et seq.

289.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

290.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Massachusetts Commonwealth Government for payment or approval.

78

291.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Massachusetts Commonwealth Government to approve and pay such false and fraudulent claims.

292.    The Massachusetts Commonwealth Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

293.    By reason of the Defendant's acts, the Commonwealth of Massachusetts has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

294.    Pursuant to Mass. Gen. Laws ch. 12, § 5B, the Commonwealth of Massachusetts is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT SEVENTEEN

### Michigan Medicaid False Claims Act
### Mich. Comp. Laws § 400.601 et seq.

295.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

296.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the State of Michigan for payment or approval.

297.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Michigan State Government to approve and pay such false and fraudulent claims.

298.    The Michigan State Government, unaware of the falsity of the records, statements

and claims made, used, presented or caused to be made, used or presented by Defendant, paid

and continues to pay the claims that would not be paid but for the acts and/or conduct of

Defendant as alleged herein.

299.    By reason of the Defendant's acts, the State of Michigan has been damaged, and

continues to be damaged, in substantial amounts to be determined at trial.

300.    Pursuant to Mich. Comp. Laws § 400.612, the State of Michigan is entitled to a

civil penalty equal to the full amount received by the person benefiting from the fraud, a civil

penalty of a maximum $10,000 for each claim, plus triple the amount of damages suffered by the

state as a result of the conduct by the person.

## COUNT EIGHTEEN

### Minnesota False Claims Act
### Minn. Stat. § 15C.01 et seq.

301.    Relators restate and incorporate each and every allegation above as if the same

were fully set forth herein.

302.    This is a claim for treble damages and penalties under the Minnesota False Claims

Act, Minn, Stat, §§ 15C.01 et seq.

303.    By virtue of the acts described above, Defendant knowingly presented or caused

to be presented, to an officer or employee of the State of Minnesota and/or political subdivisions,

false or fraudulent claims for payment or approval.

304.    By virtue of the acts described above, Defendant knowingly made, used, or

caused to be made or used false records and statements, and omitted material facts, to get false or

fraudulent claims paid ort approved by the State of Minnesota and/or its political subdivisions.

305.    By virtue of the acts described above, Defendant knowingly conspired to either:

1) present a false or fraudulent claim to the State of Minnesota or a political subdivision for

payment or approval; or, 2) makes, use, or cause to be made or used a false record or statement to obtain payment or approval of a false or fraudulent claim.

306.    The Minnesota State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

307.    By reason of the Defendant's acts, the State of Minnesota has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

308.    The State of Minnesota is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

**COUNT NINETEEN**

**Montana False Claims Act**
**Mont. Code Ann. § 17-8-401 et seq.**

309.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

310.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the State of Montana for payment or approval.

311.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Montana State Government to approve and pay such false and fraudulent claims.

312.    The Montana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of

Defendant as alleged herein.

313.    By reason of the Defendant's acts, the State of Montana has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

314.    Pursuant to Mont. Code Ann. § 17-8-401 et seq., the State of Montana is entitled to a civil penalty equal to the full amount received by the person benefiting from the fraud plus triple the amount of damages suffered by the state as a result of the conduct by the person.

## COUNT TWENTY

### Nevada False Claims Act
### Nev. Rev. Stat. § 357.010 et seq.

315.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

316.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Nevada State Government for payment or approval.

317.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Nevada State Government to approve and pay such false and fraudulent claims.

318.    The Nevada State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

319.    By reason of the Defendant's acts, the State of Nevada has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

320.    Pursuant to Nev. Rev. Stat. § 357.040(1), the State of Nevada is entitled to three

times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT TWENTY-ONE

### New Hampshire False Claims Act
### N.H. Rev. Stat. Ann. § 167:61-b et seq.

321.   Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

322.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the New Hampshire State Government for payment or approval.

323.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Hampshire State Government to approve and pay such false and fraudulent claims.

324.   The New Hampshire State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

325.   By reason of the Defendant's acts, the State of New Hampshire has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

326.   Pursuant to § 167:61-b, the State of New Hampshire is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT TWENTY-TWO

### New Jersey False Claims Act
### N.J. Stat. Ann. §§ 2A:32C-1 et seq.

327.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

328.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the New Jersey State Government for payment or approval.

329.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Jersey State Government to approve and pay such false and fraudulent claims.

330.    The New Jersey State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

331.    By reason of the Defendant's acts, the State of New Jersey has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

332.    Pursuant to N.J. Stat. Ann. § 2A:32C-3, the State of New Jersey is entitled to three times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT TWENTY-THREE

### New Mexico Medicaid False Claims Act
### N.M. Stat. Ann. § 27-14-1 et seq.
### And New Mexico Fraud Against Tax Payers Act
### N.M. Stat. Ann. § 44-9-1 et seq.

333.   Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

334.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the New Mexico State Government for payment or approval.

335.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Mexico State Government to approve and pay such false and fraudulent claims.

336.   The New Mexico State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

337.   By reason of the Defendant's acts, the State of New Mexico has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

338.   Pursuant to N.M. Stat. Ann. § 17-14-1 et seq., and § 44-9-3, the State of New Mexico is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT TWENTY-FOUR

### New York False Claims Act
### N.Y. State Fin. Law § 187 et seq.

339.     Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

340.     By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the New York State Government for payment or approval.

341.     By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New York State Government to approve and pay such false and fraudulent claims.

342.     The New York State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

343.     By reason of the Defendant's acts, the State of New York has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

344.     Pursuant to N.Y. State Fin. Law § 189, the State of New York is entitled to three times the amount of actual damages plus the maximum penalty of $12,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT TWENTY-FIVE

### North Carolina False Claims Act
### N.C. Gen. Stat. § 1-605 et seq.

345.     Relators restate and incorporate each and every allegation above as if the same

were fully set forth herein.

346.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the North Carolina State Government for payment or approval.

347.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the North Carolina State Government to approve and pay such false and fraudulent claims.

348.    By virtue of the acts described above, Defendant conspired with each other and with others to defraud North Carolina by inducing the North Carolina State Government to pay or approve false or fraudulent claims.

349.    The North Carolina State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

350.    By reason of the Defendant's acts, the State of North Carolina has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

351.    Pursuant to N.C. Gen. Stat. §§ 1-605 et seq., the State of North Carolina is entitled to three times the amount of the actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

### COUNT TWENTY-SIX

#### Violations of the Oklahoma Medicaid False Claims Act
#### Okla. St. Ann. Tit. 63, § 5053 et seq.

352.    Relators restate and incorporate each and every allegation above as if the same

87

were fully set forth herein.

353.    By virtue of the acts described above, Defendant knowingly presented or caused

to be presented, false or fraudulent claims to the Oklahoma State Government for payment or

approval.

354.    By virtue of the acts described above, Defendant knowingly made, used, or

caused to be made or used false records and statements, and omitted material facts, to induce the

Oklahoma State Government to approve and pay such false and fraudulent claims.

355.    The Oklahoma State Government, unaware of the falsity of the records,

statements and claims made, used, presented or caused to be made, used or presented by

Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or

conduct of Defendant as alleged herein.

356.    By reason of Defendant's acts, the State of Oklahoma has been damaged, and

continues to be damaged, in a substantial amount to be determined at trial.

357.    Pursuant to Okla. St. Ann. Tit. 63, § 5053.1(B), the State of Oklahoma is entitled

to three times the amount of actual damages plus the maximum penalty of $10,000 for each and

every false or fraudulent claim, record or statement made, used, presented or caused to be made,

used or presented by Defendant.

COUNT TWENTY-SEVEN

The State False Claims Act (Rhode Island)<br>R.I. Gen. Laws § 9-1.1-1 et seq.

358.    Relators restate and incorporate each and every allegation above as if the same

were fully set forth herein.

359.    By virtue of the acts described above, Defendant knowingly presented or caused

to be presented, false or fraudulent claims to the Rhode Island State Government for payment or

88

approval.

360.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Rhode Island State Government to approve and pay such false and fraudulent claims.

361.    The Rhode Island State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

362.    By reason of the Defendant's acts, the State of Rhode Island has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

363.    Pursuant to R.I. Gen. Laws § 9-1.1-3, the State of Rhode Island is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

### COUNT TWENTY-EIGHT

**Tennessee False Claims Act
Tenn. Code Ann. § 4-18-101 et seq.
and Tennessee Medicaid False Claims Act
Tenn. Code Ann. §§ 71-5-181 et seq.**

364.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

365.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Tennessee State Government for payment or approval.

366.    By virtue of the acts described above, Defendant knowingly made, used, or

89

caused to be made or used false records and statements, and omitted material facts, to induce the Tennessee State Government to approve and pay such false and fraudulent claims.

367.    The Tennessee State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

368.    By reason of Defendant's acts, the State of Tennessee has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

369.    Pursuant to Tenn. Code Ann. § 4-18-103, the State of Tennessee is entitled to three times the amount of damages plus the maximum penalty of $10,000 for each false claim. In addition,  pursuant to Tenn. Code Ann. § 71-5-182(a)(1), the State of Tennessee is entitled to three times the amount of actual damages plus the maximum penalty of $25,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT TWENTY-NINE

### Texas Medicaid Fraud Prevention Law
### Tex. Hum. Res. Code Ann. §§ 36.002 et seq.

370.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

371.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Texas State Government for payment or approval.

372.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the

90

Texas State Government to approve and pay such false and fraudulent claims.

373.    The Texas State Government,  unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendant as alleged herein.

374.    By reason of the Defendant's acts, the State of Texas has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

375.    Pursuant to Tex. Hum. Res. Code Ann. § 36.052, the State of Texas is entitled to two times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT THIRTY

### Virginia Fraud Against Taxpayers Act
### Va. Code Ann. §§ 8.01-216.1 et seq.

376.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

377.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Commonwealth of Virginia for payment or approval.

378.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the State of Virginia to approve and pay such false and fraudulent claims.

379.    The Commonwealth of Virginia, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid

91

and continues to pay the claims that would not be paid but for the acts and/or conduct of
Defendant as alleged herein.

380.    By reason of Defendant's acts, the Commonwealth of Virginia has been damaged,
and continues to be damaged, in substantial amounts to be determined at trial.

381.    Pursuant to Va. Code § 8.01-216.3(A), the Commonwealth of Virginia is entitled
to three times the amount of actual damages plus the maximum penalty of $10,000 for each and
every false or fraudulent claim, record or statement made, used, presented or caused to be made,
used or presented by Defendant.

## COUNT THIRTY-ONE

### Wisconsin False Claims for Medical Assistance Law
### Wisc. Stat. §§ 20.931 et seq.

382.    Relators restate and incorporate each and every allegation above as if the same
were fully set forth herein.

383.    By virtue of the acts described above, Defendant knowingly presented or caused
to be presented, false or fraudulent claims to the Wisconsin State Government for payment or
approval.

384.    By virtue of the acts described above, Defendant knowingly made, used, or
caused to be made or used false records and statements, and omitted material facts, to induce the
Wisconsin State Government to approve and pay such false and fraudulent claims.

385.    The Wisconsin State Government, unaware of the falsity of the records,
statements and claims made, used, presented or caused to be made, used or presented by
Defendant, paid and continues to pay the claims that would not be paid but for the acts and/or
conduct of Defendant as alleged herein.

386.    By reason of the Defendant's acts, the State of Wisconsin has been damaged, and

continues to be damaged, in substantial amounts to be determined at trial.

387.    Pursuant to Wisc. Stat. § 20.931(2), the State of Wisconsin is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT THIRTY-TWO

### Chicago False Claims Act
### Chicago Municipal Code, ch. 1-22 et seq.

388.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

389.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the City of Chicago for payment or approval.

390.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the City of Chicago to approve and pay such false and fraudulent claims.

391.    The City of Chicago, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

392.    By reason of Defendants' acts, the City of Chicago has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

393.    Pursuant to Chicago Municipal Code, ch. 1-22 et seq., the City of Chicago is entitled to three times the amount of actual damages plus the civil penalty of not less than $500 and not more than $1,000 for each and every false or fraudulent claim, record or statement made,

used, presented or caused to be made, used or presented by Defendants.

## COUNT THIRTY-THREE

### New York City False Claims Act
### N.Y.C. Admin. Code §§ 7-801 et seq.

394.    Relators restate and incorporate each and every allegation above as if the same were fully set forth herein.

395.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to New York City for payment or approval.

396.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce New York City to approve and pay such false and fraudulent claims.

397.    New York City, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

398.    By reason of Defendants' acts, New York City has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

399.    Pursuant to N.Y.C. Admin. Code §§7-801 et seq., New York City is entitled to three times the amount of actual damages plus a civil penalty of between $5,000 and $15,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT THIRTY-FOUR

### California Insurance Frauds Protection Act
### Cal. Ins. Code § 1871.7

400.    Relators reallege and incorporate each and every allegation above as if fully set

forth herein.  Relator states that upon information and belief, the course of conduct described in

this Complaint took place not only in Relator's region of California, but was a nationwide

practice of Sanofi.

401.  The kickback scheme that Sanofi pursued added substantial costs to health care in

the state of California.

402.  By virtue of the acts described herein, including but not limited to Sanofi's

payments of kickbacks to physicians and pharmacists, Sanofi violated California Business and

Professional Code § 650 and caused false claims to be submitted to insurance companies for the

payment of health care benefits.  Since violations of section 650 are illegal, compliance with this

provision is material to treatment of claims for reimbursement by private insurance companies.

Had the private insurance companies and the California Department of Insurance known that

prescriptions for Sanofi's drugs, including Ambien CR, had been written because physicians had

been paid kickbacks by Sanofi to do so, these companies would not have provided

reimbursements for these prescriptions.

403.  California law prohibits Sanofi from providing kickbacks to physicians and

medical care providers.  Specifically, California Business & Professional Code § 650(a)

provides:

> [T]he offer, delivery, receipt, or acceptance by any person licensed under this division ....
> of any rebate, refund, commission, preference, patronage, dividend, discount, or other
> consideration, whether in the form of money or otherwise, as compensation or
> inducement for referring patients, clients, or customers to any person, irrespective of any
> membership, proprietary interest or co-ownership in or with any person to whom these
> patients, clients, or customers are referred is unlawful.

404.  By virtue of the acts described herein, Sanofi also violated California Penal Code

§ 549 which makes it illegal for any firm or corporation to "solicit[], accept[], or refer[] any

business to or from any individual or entity with the knowledge that, or with reckless disregard

for whether" that individual or entity will present or cause to be presented any false or fraudulent claim for payments of a health care benefit.

405.    By virtue of the acts described herein, Sanofi also violated California Penal Code § 550(b)(1) which makes it unlawful to "present or cause to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false or misleading information concerning any material fact."

406.    By virtue of the acts described herein, Defendant Sanofi caused to be presented, or knowingly assisted or conspired in presenting or causing to be presented, to the insurers in the State of California, fraudulent claims for payment of prescriptions that were induced by payments of kickbacks to physicians, in violation of Penal Code § 550(b)(1), among other provisions.

407.    By virtue of the acts described herein, Sanofi knowingly caused to be made fraudulent bills intended to be presented to the insurers in connection with, or in support of, claims for the payment of compensation under contracts of insurance knowing that the statements contained false or misleading information concerning material facts, all in violation of Penal Code § 550(b)(2), among other provisions.

408.    By virtue of the acts described herein, including but not limited to the payment of kickbacks, Sanofi sought to induce health care benefits through a pattern and practice of fraudulent conduct constituting false claims within the meaning of Cal. Ins. Code §1871.7(b) and Sections 549 and 550(a)(6) of the California Penal Code, among other provisions.

409.    Cal. Ins. Code §1871.7 prohibits employing individuals to procure clients or patients to "obtain services or benefits under an insurance contract," or which "will be the basis

96

for a claim against an insured individual or his or her insurer." §1871.7(a). The statute also covers violations of California Penal Code §§ 549-551, which prohibit false or fraudulent claims to insurers.

410.     Moreover, the payment of these kickbacks violates the "runners and cappers" provision of Section 1871.7(a), as Sanofi was "employing" physicians by paying them kickbacks in order to "procure clients or patients to obtain services or benefits under a contract of insurance." In the alternative, Sanofi's payment of kickbacks violated the "runners and cappers" provision of Section 1871.7(a), as Sanofi's employment of sales representatives to provide kickbacks to physicians and nurses in order to generate prescriptions that would eventually be paid for by private insurance companies constitutes the unlawful and knowing employment of "runners, cappers, steerers, or other persons ... to procure clients or patients to perform or obtain services or benefits under a contract of insurance."

411.     The legislative findings and declarations associated with section 1871.7 make clear that the California Legislature was concerned with health care fraud: "Health insurance fraud is a particular problem for health insurance policy holders. Although there are no precise figures, it is believed that fraudulent activities account for billions of dollars annually in added health care costs nationally. Health care fraud causes losses in premium dollars and increases health care costs unnecessarily." Cal Ins. Code § 1871(h).

412.     By virtue of the acts described herein, Sanofi violated provisions of sections 1871.7 of the California Insurance Code and sections 549, 550 and 551 of the California Penal Code. "Every person who violates any provision of [Section 1871.7] or Section 549, 550, or 551 of the Penal Code shall be subject, in addition to any other penalties that are prescribed by law, to a civil penalty of not less than five thousand dollars ($5,000) nor more than ten thousand

dollars ($10,000), plus an assessment of not more than three times the amount of each claim for compensation." Cal Ins. Code § 1871.7(b).

**COUNT THIRTY-FIVE**

**Illinois Insurance Claims Fraud Prevention Act**
**740 Ill. Comp. Stat. § 92/1**

413.    Relators reallege and incorporate each and every allegation above as if fully set forth herein.  Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator Hamilton's region of California, but was a nationwide practice of Sanofi.  Sanofi conducts business in the State of Illinois.  Upon information and belief, Sanofi's actions described herein occurred in Illinois as well.

414.    By virtue of the facts described herein, Defendant violated the Illinois Insurance Claims Fraud Prevention Act 740 Ill. Comp. Stat. Section 92/1 and 740 Ill. Comp. Stat. § 92/5 which make it unlawful to "knowingly offer or pay any remuneration directly or indirectly, in cash or in kind, to induce any person to procure clients or patients to obtain services or benefits under a contract for insurance."  The statute allows an interested person to prosecute the action or for the state to intervene.

415.    By virtue of the acts described above, Defendants also violated Article 46 of the Illinois Criminal Code which states that "[a] person commits the offense of insurance fraud when he or she knowingly obtains, attempts to obtain, or causes to be obtained, by deception, control over the property of an insurance company or self-insured entity by the making of a false claim or by causing a false claim to be made on any policy of insurance issued by an insurance company or by the making of a false claim to a self-insured entity, intending to deprive an insurance company or self-insured entity permanently of the use and benefit of that property." 720 Ill. Comp. Stat. §5/46-1 (a).

98

416.    Consistent with Sanofi's nationwide strategy, the prescriptions issued for Ambien CR by those doctors and paid by private insurers in Illinois were obtained in violation of 740 Ill. Comp. Stat. § 92/5 by providing doctors cash payments and gifts to induce doctors to switch their patients from Ambien to Ambien CR.  BCBS of Illinois, United Healthcare of Illinois, and Coventry of Illinois were some of Sanofi's top Ambien CR accounts and, accordingly, were carefully tracked by Sanofi.

417.    If the private insurers and the Illinois Department of Insurance had known of Sanofi's fraudulent and illegal marketing practices, then the private insurers and the Illinois Department of Insurance would not have allowed Defendant to reap illegal profits from its illegal behavior.

418.    By virtue of the acts described herein, Defendant's violations of 740 Ill. Comp. Stat. § 92/5 and/or Article 46 of the Illinois Criminal Code make Defendant subject to a civil penalty of $5,000 to $10,000, "plus an assessment of not more than 3 times the amount of each claim for compensation under a contract of insurance. … The penalty prescribed in this subsection shall be assessed for each fraudulent claim upon a person in which the defendant participated." 740 Ill. Comp. Stat. § 92/5(b).

## X.    DEMANDS FOR RELIEF

**WHEREFORE,** Relator, on behalf of the United States Government and the Plaintiff States and Cities, demands judgment against the above-named Defendant as follows:

1.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the United States has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729 et seq.;

2.      that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the District of Columbia has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of D.C. Code Ann. § 2-308.14(a) et seq.;

3.      that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of California has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of Cal. Govt. Code § 12651(a) et seq.;

4.      that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Colorado has sustained because of Defendant's actions, plus the maximum civil penalty of $10,000 for each violation of the Colorado Medicaid False Claims Act, C.R.S. § 25.5-4-304, et seq.;

5.      that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Connecticut has sustained because of Defendant's actions, plus the maximum civil penalty of $10,000 for each violation of Conn. Gen. Stats. § 17b-301(a) et seq.;

6.      that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Delaware has sustained because of Defendant's actions, plus a civil penalty of $11,000 for each violation of 6 Del. C. § 1201(a) et seq.;

7.      that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Florida has sustained because of Defendant's actions, plus a civil penalty of $11,000 for each violation of Fla. Stat. Ann. § 68.082 et seq.;

8.      that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Georgia has sustained because of Defendant's actions,

100

plus a civil penalty of $11,000 for each violation of O.C.G.A §§ 49-4-168 et seq.;

        9.      that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Hawaii has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of Haw. Rev. Stat. § 661-21(a) et seq.;

        10.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Illinois has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of 740 Ill. Comp. Stat. § 175/3(a) et seq.;

        11.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Indiana has sustained because of Defendant's actions, plus civil penalties for each violation of I.C. § 5-11-5.5 et seq.;

        12.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Louisiana has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of La. Rev. Stat. § 46:438.6 et seq.;

        13.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Maryland has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of Md. Code Ann. § 2-601 et seq.;

        14.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the Commonwealth of Massachusetts has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of Mass. Gen. L. Ch. 12 § 5B et seq.;

        15.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Michigan has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of Mich. Comp. Laws § 400.612 et

seq.;

16.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Minnesota has sustained because of Defendant's actions, plus the maximum civil penalty of $11,000 for each violation of Minn. Stat. § 15C.01 et seq.;

17.     that this court enter judgment against Defendant in an amount equal to three times the amount of damages Montana has sustained because of the Defendant's actions, plus a civil penalty of $10,000 for each violation  of the Montana False Claims Act, Mont. Code Ann., § 17-8-401 et seq.;

18.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Nevada has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of  Nev. Rev. Stat. § 357.040(1) et seq.;

19.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of New Hampshire has sustained because of Defendant's actions, plus civil penalties for each violation of N.H. Rev. Stat. Ann. § 167:61-b(I) et seq.;

20.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of New Jersey has sustained because of Defendant's actions, plus civil penalties for each violation of N.J. Stat. § 2A:32C-1 et seq.;

21.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of New Mexico has sustained because of Defendant's actions, plus civil penalties for each violation of  N.M. Stat. Ann. § 27-14-1 et seq.; and N.M. Stat. Ann. § 44-9-1 et seq.;

22.     that this Court enter judgment against Defendant in an amount equal to three

times the amount of damages the State of New York has sustained because of Defendant's actions, plus a civil penalty of $12,000 for each violation of  N.Y. State Fin. Law § 187 et seq.;

23.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of North Carolina has sustained because of Defendant's actions plus a civil penalty of $11,000 for each violation of N.C. Gen. Stat. § 1-605 et seq.;

24.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Oklahoma  has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of Okla. St. Ann. tit. 63, § 5053.1(B) et seq.;

25.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Rhode Island has sustained because of Defendant's actions, plus civil penalties for each violation of R.I. Gen. Laws § 9-1.1-1 et seq.;

26.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Tennessee has sustained because of Defendant's actions, plus a civil penalty for each violation of Tenn. Code Ann. § 71-5-182(a) et seq.;

27.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Texas has sustained because of Defendant's actions, plus a civil penalty of $11,000 for each violation of  Tex. Hum. Res. Code Ann. § 36.052 et seq.;

28.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the Commonwealth of Virginia has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of Va. Code Ann. § 8.01-216.3(a) et seq.;

29.    that this Court enter judgment against Defendant in an amount equal to three

103

times the amount of damages Wisconsin has sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of the Wis. Stat. § 20.931 et seq.;

30.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages sustained by the city plus a civil penalty of $10,000 for each claim under Chicago Municipal Code, ch. 1-22-020 et seq.;

31.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages which the city sustains plus a civil penalty of $15,000 per violation under N.Y.C. Admin Code § 7-803 et seq.;

32.    that this Court enter judgment against Defendant in an amount equal to three times the amount of each claim for compensation, plus a civil penalty of $10,000 for each claim under Cal. Ins. Code § 1871.7;

33.    that this Court enter judgment against Defendant in an amount equal to three times the amount of each claim for compensation, plus a civil penalty of $10,000 for each claim under Ill. Comp. Stat. § 92/5;

34.    that Relator be awarded the maximum amount allowed pursuant to § 3730(d) of the Federal False Claims Act, and the equivalent provisions of the state statutes set forth above;

35.    that Relator be awarded all costs of this action, including attorneys' fees and expenses;

36.    that this Court enter judgment against Sanofi S.A. for Sanofi S.A.'s violations of the FCA;

37.    that the United States and the Plaintiff States and Cities recover such other relief as the Court deems just and proper or that is necessary to make the United States and the Plaintiff States and Cities whole; and

38.    that Relator recovers such other relief as the Court deems just and proper or that is necessary to make Relator whole.

## TRIAL BY JURY

Relator hereby demands a trial by jury as to all issues.

Dated: February 17, 2012

BY: _____

Joseph J. Laferrera, BBO #564572
Nancy M. Cremins, BBO #658932
Gesmer Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109
Telephone:  (617) 350-6800
Facsimile:  (617) 350-6878
Email: Joe.Lafarrera@gesmer.com
Nancy.Cremins@gesmer.com

Shanlon Wu (DC Bar # 422910)
Julie A. Grohovsky (DC Bar # 412566)
Wu, Grohovsky & Whipple, P.L.L.C.
Ronald Reagan Building &
International Trade Center
1300 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20004
Telephone: (202) 204-3053
Facsimile: (202) 747-7518
Email: swu@dcwhitecollar.com
jgrohovsky@dcwhitecollar.com
Attorneys for Relators